

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# USA v. Greene

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Greene" (2008). 2008 Decisions. Paper 1519.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1519

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4022

UNITED STATES OF AMERICA,

v.

CHARLES E. GREENE,
a/k/a
CHARLES GOAR

Charles Green,
                                                    Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 05-cr-00760)
District Judge: Honorable William J. Martini

Submitted Under Third Circuit LAR 34.1(a)
February 7, 2008

Before: MCKEE and AMBRO, Circuit Judges,
and TUCKER,* District Judge

(Opinion filed: February 27, 2008)

OPINION

_____

*Honorable Petrese B. Tucker, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Charles Greene, also known as Charles Goar, pled guilty to seven counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. The District Court sentenced him to a 132-month term of imprisonment, $16,508 in restitution, and a three-year term of supervised release. He appeals his sentence. We affirm.

On appeal, Greene contends that his sentence must be vacated because it is unreasonable. He first asserts that the District Court failed to explain how his history of severe mental illness and substance abuse factored into its determination of an appropriate sentence under factors listed in 18 U.S.C. § 3553(a). In imposing a sentence, the District Court must give "meaningful consideration" to the § 3553(a) factors, but it need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). The record reflects that the District Court considered the defendant's history of mental illness, stating on the record that "there's a lot of evidence that requires me to consider the history and characteristics of the defendant," and noting that there was "a pretty substantial history of some mental illness that could be intertwined with a lot of [Greene's] antisocial conduct." Within this context, we are satisfied that the District Court meaningfully considered the § 3553(a) factors in imposing Greene's sentence.

Greene next argues that the District Court placed too much weight on the Guidelines range in fashioning an appropriate sentence. If the fact that the District Court granted a nineteen-month downward variance were not enough to satisfy us that it understood the Guidelines as advisory, our own review of the record yields nothing to suggest that the District Court placed impermissible weight on the Guidelines.

We thus affirm the sentence.

_____